IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APRIL CLARK,**

      **Plaintiff,**

v.

**CVS HEALTH PHARMACY, INC., et al.,**

      **Defendants.**

Civil Action 2:23-cv-4206
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants CVS Health Pharmacy, Inc. ("CVS Pharmacy"), CVS Health Corporation ("CVS Corporation"), Aetna Resources LLC ("Aetna"), and Karen Gaster. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.  STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**II.     DISCUSSION**

In her Complaint, Plaintiff names CVS Pharmacy, CVS Corporation, Aetna, and Karen Gaster as defendants. (Doc. 1-1 at 2). Though unclear at times, Plaintiff's claims seemingly center on Defendants' actions relating to a U.S. Equal Employment Opportunity Commission ("EEOC") mediated settlement agreement. (*Id.* at 3). Plaintiff alleges that Aetna, through its counsel

2

Defendant Gaster, entered into an EEOC mediated settlement agreement with Plaintiff in October 2022. (*Id.*). But Aetna, along with all the other Defendants, "conspired to conceal and participate and/or collude . . . to commit criminal conversion and grand theft of property of Plaintiff." (*Id.*). Plaintiff goes on to allege that CVS Pharmacy paid $15,028 owed to her under the EEOC mediated settlement agreement to CVS Corporation without authorization. (*Id.* at 4–5). Plaintiff says that she was coerced into agreeing to the mediated settlement agreement under false pretenses because she would not have agreed to it had she known that she would not be paid the $15,028 directly. (*Id.* at 5). Plaintiff claims that these actions amount to criminal conversion, grand theft of property, breach of fiduciary duty, and violations of the Fourteenth Amendment of the U.S. Constitution and the Constitution of Ohio. (*Id.* at 4–5). As relief, Plaintiff seeks the amount of the "breached settlement," which the Undersigned infers to be $15,028. (*Id.* at 6).

Ultimately, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff alleged that Defendants violated her rights under the Fourteenth Amendment, Title VI, and Title VII. (Doc. 1-2). But Plaintiff fails to state any of these claims with the requisite factual specificity. Plaintiff does not specify a violation of the Fourteenth Amendment, nor does the Undersigned find a cognizable claim for any constitutional violation. Likewise, Plaintiff does not specify a specific violation arising under either Title VI or Title VII, nor can the Undersigned infer one merely from Plaintiff's allegation that Defendants violated an EEOC mediated settlement agreement. *See Petrie v. Sec'y, Dep't of Veterans Affs.*, No. 2:06CV01031 (WOB), 2009 WL 366628, at *2 (S.D. Ohio Feb. 11, 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994)) ("[I]n the context of private settlement agreements, the Supreme Court has held that enforcement of a settlement agreement 'is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction' . . . . Courts cite this holding as

3

further support for the conclusion that federal jurisdiction to enforce a settlement agreement may not be found 'implicitly' in Title VII."). And though Plaintiff indicated she was bringing her claims under 28 U.S.C. § 1343(3), which allows a plaintiff to bring a civil rights action that alleges a defendant acted under the color of state law to deprive the plaintiff of a right secured by federal law or the U.S. Constitution, Plaintiff does not allege any Defendant acted under the color of state law. *See Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151, at *3 (N.D. Ohio Aug. 22, 2011) (citing *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 375 (6th Cir. 1991)) ("If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail."). Therefore, Plaintiff fails to sufficiently allege any of these claims.

Plaintiff's remaining claims—conversion, grand theft, conspiracy, and breach of fiduciary duty—are state law claims. (Doc. 1-2). While Plaintiff says that she is a citizen of Ohio and Defendants are citizens of Rhode Island (Doc. 1-1 at 2), she does not allege an amount in controversy exceeding $75,000 that would give the Court diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a); *Hunter v. Taylor*, No. 2:15-CV-2607, 2015 WL 6506625 (S.D. Ohio Oct. 28, 2015) (adopting a magistrate judge's decision that the court lacked subject matter jurisdiction when a plaintiff's complaint failed to meet the amount in controversy requirement). And because Plaintiff has not alleged a plausible basis for original jurisdiction, the Court also lacks pendant jurisdiction for the remaining claims arising under state law. (Doc. 1-2); *see* 28 U.S.C. § 1367(a); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting that when all federal claims are dismissed before trial, state law claims "generally should be dismissed as well"). Moreover, even were the court to consider the remainder of her claims directly, Plaintiff has failed to provide the Court with more than "labels and conclusions" that Defendants engaged in these alleged wrongs. *Kafele*, 161 F. App'x at 491.

At base, Plaintiff's Complaint provides insufficient factual content from which the Court could reasonably infer that Defendants violated her rights. To allow Plaintiff's claims to proceed would be to "conjure allegations" on her behalf. *Martin*, 391 F.3d at 714. In sum, she has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a), *Twombly*, 550 U.S. at 555. Plaintiff's Complaint should be **DISMISSED**.

### III. CONCLUSION

Plaintiff's request to proceed *in for a pauperis* is **GRANTED**. Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 25, 2024                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE